IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT LAWSON, GLENDA LAWSON, and ROBERT S. JOLLY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:08CV832 |
| ALLEGACY FEDERAL CREDIT UNION, SHAPIRO & INGLE, LLP, CLERK OF COURT FOR STOKES COUNTY JASON LITTLE, ASSISTANT CLERK OF COURT FOR GUILFORD COUNTY TERRI NANCE, and SUBSTITUTE TRUSTEE RICHARD P. McNEELY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on motions to dismiss filed by all Defendants. (Docket Nos. 4, 17, and 19). *Pro se* Plaintiffs Robert Lawson, Glenda Lawson, and Robert Jolly oppose the motions. For reasons set forth below, the Court finds that all motions to dismiss should be granted and this action should be dismissed with prejudice.

Plaintiff Robert Jolly has brought a series of *pro se* lawsuits in this court, joined by other plaintiffs, all challenging foreclosure proceedings recently conducted in the state courts of North Carolina. Five of these actions (1:08CV234, 1:08CV264, 1:08CV294, 1:08CV322,

and 1:08CV344) were consolidated by the Court for consideration, and final judgments dismissing the actions with prejudice were entered on March 31 and April 15, 2009. The pending action is related to the consolidated actions and raises common issues of law. Indeed, there is pending in this action a motion for consolidation with one of the consolidated actions (1:08CV234 ("'234" ), a motion which the Court would grant but for the fact that it has been mooted by the entry of the final judgment in the '234 case.

For a general description of the background to this litigation, the Court incorporates in its entirety the Recommendation of United States Magistrate Judge filed by the undersigned on March 13, 2009 in the consolidated actions. That Recommendation was adopted by United States District Judge William L. Osteen, Jr., and formed the basis for the April 15, 2009 Judgment. In the action now before the Court, Plaintiffs have once again sued Defendants Allegacy Federal Credit Union ("Allegacy") and Shapiro & Ingle, LLP ("Shapiro"), and have added Defendants "Clerk of Court for Stokes County Jason Tuttle," "Assistant Clerk of Court for Guilford County Terri Nance," and "Substitute Trustee Richard P. McNeely."

In the Complaint, Plaintiffs describe what they believe to be irregularities and violations of due process in state court proceedings which ultimately resulted in the foreclosure sale of property previously owned by the Lawson plaintiffs. (Docket No. 1, Complaint ¶ 45.) Based on the procedures and results of the foreclosure action, Plaintiffs set

out five asserted causes of action: (1) common law conspiracy; (2) conspiracy to defraud; (3) extortion; (4) violation of due process; and (5) duress. (*Id.* at 14-16.)

On review of the motions to dismiss, the Court finds that Defendants Allegacy and Shapiro are entitled to judgment without further discussion on the basis of the *res judicata* effect of the April 15, 2009 judgment in the consolidated actions. The '234 action was brought by the Lawson plaintiffs and Robert Jolly, and Allegacy and Shapiro were the named Defendants. The issues raised in that litigation were identical or closely related to those presented in this action. Plaintiffs are prohibited from splitting a cause of action or re-litigating matters determined against them in the judgment of dismissal with prejudice in the '234 action.

The Complaint in this action against Defendants Allegacy and Shapiro would additionally be barred by the *Rooker-Feldman* doctrine. Plaintiffs' complaint in this action seeks collateral review of a state court judgment and essentially claims a wrongful judgment by the state court. This Court has no jurisdiction over such a claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006); *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996)(affirming subject matter dismissal pursuant to *Rooker-Feldman* because the federal action was essentially a prohibited appeal from a state foreclosure judgment).

Plaintiffs' claims fare no better against the "Clerk" Defendants or the Substitute Trustee. While Plaintiffs allege a conspiracy of all Defendants, including the Clerks and the Substitute Trustee, they present no factual allegations that would support such a conclusory allegation. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-57 (2007)(more is required in pleading than labels and conclusions). Further, the Clerk Defendants are entitled to immunity from Plaintiffs' damage claims by reason of judicial immunity. *See generally Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976); *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(judicial immunity is not overcome by allegations of bad faith or malice); and *Stump v. Sparkman*, 435 U.S. 349 (1978)(judicial immunity is overcome only when actions taken are not in the judge's judicial capacity; whether an action is judicial turns on whether it is a function normally performed by a judge). The Clerks' discretionary decisions in state foreclosure proceedings are covered by immunity since Clerks of Superior Court are judicial officials. N.C. Gen. Stat. §§ 7A-40 and 45-21.16. All of Plaintiffs' allegations against the Clerk Defendants arise from a contention that they erred in presiding over state foreclosure proceedings and issuing orders. Plaintiffs argue in briefing that the actions of the Clerk Defendants were outside the scope of their duties, but no alleged facts suggest this, and Plaintiffs' claims reduce to an assertion that the Clerk Defendants used incorrect procedures (violative of due process) and reached incorrect decisions. To the extent Plaintiffs have requested injunctive relief against these Defendants, that request is moot since the foreclosure sale and change of possession that Plaintiffs' sought to enjoin has now been

completed, as is shown by the pleadings of the parties. Moreover and as an additionally sufficient ground of decision, all the claims in this action against the Clerk Defendants and the Substitute Trustee are fully barred by the *Rooker-Feldman* doctrine for reasons described above.

In sum, Plaintiffs' claims in this action suffer the same pleading failures as those in the related consolidated actions already dismissed by the Court. Additionally, the claims fail in light of *Twombly* and principles of *res judicata*, the *Rooker-Feldman* doctrine, and judicial immunity. **THEREFORE, IT IS RECOMMENDED** that all claims of the Complaint should be dismissed with prejudice at this time.

                                                         /s/ P. Trevor Sharp
                                               United States Magistrate Judge

Date: October 16, 2009